UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **CHARLOTTE FONDREN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:23-CV-1217 PLC |
| | ) |
| **WALMART, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's "Motion to Quash Subpoena or in the Alternative a Protective Order Be Issued" seeking to quash Defendant's subpoena issued to non-party Coldwell Banker. [ECF No. 75] Defendant filed a memorandum in opposition to Plaintiff's motion. [ECF No. 82] Plaintiff has not filed a reply, and the time to do so has expired.

**I.     Background**

In her Fourth Amended Complaint, Plaintiff brings claims of employment discrimination on the basis of her race and religion. [ECF No. 58] Plaintiff alleges, in part, that she was initially provided but then denied a work schedule to accommodate her religious practices. [ECF No. 58, ¶ 15, 21]

In her current motion, Plaintiff states that Defendant "issued a subpoena to Coldwell Banker" seeking Plaintiff's "personnel file" going "back to 2018." [ECF No. 75] Plaintiff asserts that she objected to the subpoena due to its "overly broad nature" and "relevancy." [ECF No. 75] Plaintiff further asserts that: (1) "[n]othing in Plaintiff's personnel file will likely produce" relevant information, (2) "that the relevant information can be obtained by other means[,]" and (3) that the "information subpoenaed is not reasonably drafted to produce relevant information that is not more

reasonably obtained through other means." [ECF No. 75] Plaintiff requests an order quashing the subpoena because "Defendant has not established that this subpoena is the least restrictive way to obtain the information requested[.]" [ECF No. 75] Alternatively, Plaintiff requests that the Court "issue a Protective Order to limit the time frame to 2020 to present and to restrict the production of Plaintiff's personnel file." [ECF No. 75] Plaintiff did not file memorandum in support of her motion, a copy of the subpoena she is requesting the Court to quash, or a proposed protective order.

In its response in opposition, Defendant states that Plaintiff worked as a real estate agent with Coldwell Banker for over 20 years and that it issued a subpoena directed to Coldwell Banker seeking "records relating to Plaintiff since 2018." [ECF No. 82] Defendant asserts that: (1) past and current employment records are generally relevant in employment discrimination cases, including for issues related to mitigation of damages, and (2) Plaintiff's employment records with Coldwell Banker are relevant to the specific factual issues in this case. [ECF No. 82] Specifically, Defendant argues that Plaintiff's past employment records are relevant to work schedules Plaintiff may have kept with other entities and to other work she was performing while on a medical leave of absence from Walmart. [ECF No. 82] Defendant states it "sent a draft Protective Order to counsel for Plaintiff, which would protect any confidential information that may be contained in the subpoenaed records." [ECF No. 82]

## II.     Discussion

Local Rule 4.01 mandates that a movant file a memorandum in support of a motion, stating:

> Unless otherwise directed by the Court, the moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies. If the motion requires consideration of facts not appearing in the record, the party also must file all documentary evidence relied upon….

E.D. Mo. L.R. 4.01(A).

Here, Plaintiff did not file the necessary memorandum in support of her motion or a copy of the subpoena she is asking the Court to consider. Plaintiff's motion contains no citation to any authority in support of her argument that the subpoena should be quashed or a protective order issued.   Plaintiff's motion can be summarily denied on this basis alone. *See White v. Feaman*, No. 4:18-CV-00518-NCC, 2019 WL 652022, *1 (E.D. Mo. Feb. 15, 2019); *McKinstry v. Red Brick Management, LLC*, No. 4:22-cv-00606-SEP, 2022 WL 2785897 (E.D. Mo. July 15, 2022); *Cento v. Allstate Property & Casualty Insurance Co.*, No. 4:12CV85 FRB, 2012 WL 13064939, *2 (E.D. Mo. Sept. 21, 2012). Further, in the absence of any argument supported by relevant authority, this Court is unable to provide a substantive analysis of the merits of Plaintiff's motion.

### III.   Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Subpoena or in the Alternative a Protective Order Be Issued [ECF No. 75] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of September, 2024